<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOOP HQ, INC., *Plaintiff*, v. JEREMIAH CHURCH and TRES COMMA COMPLIANCE, INC., *Defendants*. | Civil Action No. 25-12562 **OPINION and ORDER** July 16, 2025 |

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court upon Plaintiff Loop HQ, Inc.'s ("Loop") Emergency Motion for Preliminary Injunction with Temporary Restraints (ECF 2, "Motion" or "Mot.") against Defendants Jeremiah Church ("Church") and Tres Comma Compliance ("TCC"). The parties appeared for a hearing on the Motion on July 15, 2025. For the reasons set forth below, Loop's Motion is **DENIED**.

**WHEREAS** on July 1, 2025, Loop initiated this action by filing the Complaint (ECF 1, "Compl.") and the Motion, asserting eleven counts alleging that Defendants had misappropriated Loop's trade secrets and breached Church's Employment and Shareholder Agreements with Loop by starting TCC and offering a compliance product that uses Loop's trade secrets and competes directly with Loop's compliance product. (*See generally* Compl.; *see also* Mot.) In the Complaint and the Motion, Loop asked the Court to issue injunctions (1) compelling Defendants to immediately cease and desist from competing with Loop and disclose all Loop client information retained by Church; (2) barring Church from reviewing, retaining, disclosing, or otherwise making any use of

Loop's information; and (3) compelling Church to submit all his electronic devices and cloud storage platforms for forensic examination and imaging in furtherance of the prevention of further and irreparable harm and the protection of Plaintiff's rights under applicable law. (Compl. at 26.) On July 9, 2025, after a brief extension granted by the Court, Defendants filed a Brief and Certification in Opposition to the Motion (ECF 15 and 16, collectively "Opposition" or "Opp."), and on July 11, 2025, Plaintiff filed a Reply Brief in support of the Motion (ECF 18, "Reply");

**WHEREAS** the parties appeared in court on July 15, 2025 to give arguments on the Motion. During this hearing, the Court ruled from the bench that the Motion would be denied, and the Court indicated that this Opinion would follow to clarify the Court's ruling from the bench;

**WHEREAS** injunctive relief is an "extraordinary remedy and should be granted only in limited circumstances." *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). The Court may grant an injunction only if a party shows: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief. *Arrowpoint Capital Corp. v. Arrowpoint Asset Management, LLC*, 793 F.3d 313, 318 (3d Cir. 2015). A party must produce sufficient evidence of all four factors, and the Court must weigh them prior to granting injunctive relief. *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994). However, "a movant for preliminary equitable relief must meet the threshold for the first two 'most critical' factors: it must demonstrate that it can win on the merits (which requires a showing significantly better than negligible but not necessarily more likely than not) and that it is more likely than not to suffer irreparable harm in the absence of preliminary relief. If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken

together, balance in favor of granting the requested preliminary relief." *Riley v. Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017); and

**WHEREAS** upon reviewing the parties' submissions and hearing their oral arguments on the Motion, the Court finds that Loop has failed to demonstrate that it is more likely than not to suffer irreparable harm if its request for injunctive relief is not granted. On the meager record before the Court at this earliest possible stage of litigation, it is not clear what, if any, concrete and irreparable harms Loop and its business would face absent injunctive relief. Loop has demonstrated that it has four customers that are effectively beta-testing and proving the concept of the compliance product at issue, and 13 prospective customers who have expressed interest in a finished version of the product, but it has not apprised the court of any potential risk of losing these customers or other business or market positions if Church and TCC are allowed to continue doing business. As such, the Court cannot grant the extraordinary relief Loop seeks.

Accordingly, Plaintiff's Motion is **DENIED**. The parties are directed to proceed with further litigation. SO ORDERED on July 16, 2025.

> */s/ Jamel K. Semper*
> **HON. JAMEL K. SEMPER**
> **United States District Judge**

Orig:  Clerk
cc:    Cathy L. Waldor, U.S.M.J.
       Parties