Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, NJ 07602-0800
201.489.3000 201.489.1536 fax
—
New York
—
Delaware
—
Maryland
—
Texas
—
Florida
—
Washington, DC

COLE SCHOTZ P.C.

Rachel A. Mongiello
Member
Admitted in NJ and NY

Reply to New Jersey Office
Writer's Direct Line: 201.525.6222
Writer's Direct Fax: 201.678.6222
Writer's E-Mail: rmongiello@coleschotz.com

June 16, 2026

**Via ECF**
Hon. Cari Fais, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street Room 4015
Newark, New Jersey 07101

Re: *Loop HQ, Inc. v. Church et al.*, Civil Action No. 2:25-cv-12562-JKS-CLW

Dear Judge Fais:

As you are aware, this firm represents Defendants Jeremiah Church ("Church") and Tres Comma Compliance Inc. ("TCC," and together with Church, "Defendants") in the above-referenced action. I write in response to Plaintiff Loop HQ, Inc.'s ("Plaintiff") letter filed yesterday on June 15, 2026 (*see* dkt. 71), which takes issue with the joint discovery dispute letter filed on June 12, 2026 (*see* dkt. 70). There is no substance to Plaintiff's complaint, and Defendants respectfully submit that Plaintiff's continued resort to collateral letter-writing — rather than engaging in meaningful discovery or scheduling a meet and confer — underscores precisely why a conference with the Court is urgently needed to refocus this case on the merits and bring an end to these unproductive disputes.

To briefly provide context: over the course of two weeks, the parties exchanged multiple drafts of the joint letter, with each side incorporating multiple rounds of revisions. Defendants acknowledge that certain limited additions included at the end of the final draft were not recirculated to Plaintiff before filing. Given the non-substantive nature of those additions, Defendants did not believe recirculation was necessary, though no disrespect to Plaintiff or the Court was intended. The additions did not alter any of Plaintiff's stated positions or the substance of any dispute presented for the Court's resolution, but rather reflected Defendants' broader observations regarding the status of discovery — observations consistent with positions Defendants have advanced in prior correspondence with the Court.

More importantly, Defendants respectfully submit that resolution of the issues set forth in the joint letter should not be delayed, as Plaintiff has requested. As we have repeatedly advised Plaintiff, we expect that the vast majority of the issues raised by Plaintiff can be resolved by way of a meet and confer, and Defendants remain willing to schedule one at Plaintiff's earliest convenience. We further note that, unfortunately, nothing has changed since our May 7, 2026 letter: Plaintiff has not produced any additional documents, has not filed the dispute letter concerning the DCO disputes, and has not

provided updated search term reports (even as the now-extended June 30, 2026 deadline for search term disputes approaches).

For these reasons and the reasons set forth in our prior letters, we request a conference with Your Honor to address not only the disputed issues set forth in the joint letter (*see* dkt. 70), but also the conduct of discovery and case management scheduling more generally. As always, we thank the Court for its time and attention to this matter.

Respectfully submitted,

COLE SCHOTZ P.C.

*/s/ Rachel A. Mongiello*

Rachel A. Mongiello

CC: All Counsel of Record via ECF