

Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, NJ 07602-0800
201.489.3000   201.489.1536  fax
—
New York
—
Delaware
—
Maryland
—
Texas
—
Florida
—
Washington, DC

Rachel A. Mongiello
Member
Admitted in NJ and NY

Reply to New Jersey Office
Writer's Direct Line: 201.525.6222
Writer's Direct Fax: 201.678.6222
Writer's E-Mail: rmongiello@coleschotz.com

July 15, 2026

**<u>Via ECF</u>**

Hon. Jamel K. Semper, U.S.D.J.
United States District Court for the District of New Jersey
Frank R. Lautenberg U.S. Post Office & Courthouse
2 Federal Square
Newark, New Jersey 07102

Re:     *Loop HQ, Inc. v. Church et al.*, Civil Action No. 2:25-cv-12562-JKS-CF

Dear Judge Semper:

This firm represents Defendants Jeremiah Church ("**Church**") and Tres Comma Compliance Inc. ("**TCC**," and together with Church, "**Defendants**") in the above-referenced action. We write pursuant to Your Honor's individual Judicial Preferences to respectfully request that Your Honor grant leave for Defendants to bring a motion for partial summary judgment against Plaintiff Loop HQ, Inc. ("**Plaintiff**" or "**Loop**") and issue a corresponding briefing schedule for same.

By way of background, this lawsuit began with Plaintiff's failed preliminary injunction effort and is centrally premised upon its claims that Church misappropriated trade secrets and confidential information, breached his employment agreement and related obligations by forming a competing venture, TCC, after his separation from Plaintiff, and improperly accessed Plaintiff's systems without authorization.  Despite the severity of the allegations set forth in Plaintiff's July 1, 2025 emergency application, Plaintiff has shown no urgency to advance this case since the Court denied its initial motion. This case has now been in discovery for more than nine months, and Plaintiff has nothing to show in support of the robust claims made in the Verified Complaint.

Instead, the facts uncovered within this period show that Defendants are entitled to dismissal of many of Loop's claims – even prior to the close of fact discovery. Allowing Defendants to move for summary judgment on these claims will narrow the issues and streamline the remainder of discovery and the ultimate disposition of this case. For the reasons outlined below, Defendants respectfully request leave to move for summary judgment as to Counts I–IV, VI, and X of Loop's Complaint.

**<u>Trade Secrets and Misappropriation – Counts I, II, and III</u>**

Defendants are entitled to dismissal of Count I (violation of the Defend Trade Secrets Act ("DTSA")), Count II (violation of the New Jersey Trade Secrets Act), and Count III (misappropriation of confidential and proprietary information and trade secrets).

 COLE SCHOTZ P.C.

Hon. Jamel K. Semper, U.S.D.J.
July 15, 2026
Page 2

### Loop's Reliance on the Zip File Is Insufficient to Establish Misappropriation

Loop's disclosure-based misappropriation claims rest entirely on the zip file Church sent his lawyer in October of 2024. On the advice of counsel, Church searched his personal devices for Loop materials (Loop never issued company devices), zipped what he found – the Consumer and Compliance Product source code and a handful of other files, such as marketing materials – sent the file to counsel, and deleted the originals. Church's lawyer never opened the zip.  No one viewed its contents until it was produced in this litigation.

Plaintiff relies on Defendants' diligent preservation efforts as the basis for its disclosure-based misappropriation claims.  But courts have recognized that a client's disclosure of trade secrets to his own attorney does not constitute misappropriation under the DTSA or its state analogues. *See Belliveau v. Barco, Inc.*, 2019 WL 4980451, at *4-5 (W.D. Tex. July 26, 2019) ("The Court agrees with Belliveau that disclosure of Barco's purported trade secrets to his attorney does not constitute trade secret misappropriation."); *see also Wright's Well Control Servs., LLC v. Oceaneering Int'l, Inc.*, 292 F. Supp. 3d 735, 746-48 (E.D. La. 2018) (voluntary disclosure made within the periphery of a confidential relationship does not destroy the secrecy of a trade secret); *Diamond Power Int'l, Inc. v. Davidson*, 540 F. Supp. 2d 1322, 1333-34 (N.D. Ga. 2007) (same).  Thus, to the extent Plaintiff's claims are based on Church's possession of alleged trade secrets rightfully acquired by him during the scope of his employment and subsequent disclosure of that information to his attorney, Plaintiff's claims must fail as a matter of law.

### Outdated Loop Software Code Has No "Independent Economic Value"

Plaintiff must also establish that the alleged trade secrets have independent economic value. The evidence of this is entirely in Plaintiff's possession—yet Plaintiff has produced no evidence to support this claim. Plaintiff has confirmed that the version of the source code for the Compliance Product that existed when Church resigned and that he purportedly misappropriated (*i.e.*, the contents of the Zip File) is no longer being used.  Indeed, Plaintiff has repeatedly insisted that it will not produce its current source code or evidence of the technological makeup of the Compliance Product because the version currently in use is not what Church allegedly stole nearly two years ago.  Thus, even if Plaintiff could establish misappropriation (which it cannot for the reasons set forth above), Plaintiff cannot establish that its outdated source code information has "independent economic value."  *See*, *e.g.*, *MicroStrategy, Inc. v. Business Objects, S.A.*, 661 F. Supp. 2d 548, 554-55 (E.D. Va. 2009) ("It is not just the mere passage of time that has rendered the [trade secrets] valueless, it also no longer holds value because the products it references have not been on the market for over half a decade, and the market for these products is constantly changing."); *Fox Sports Net N., LLC v. Minnesota Twins P'ship*, 319 F.3d 329, 336 (8th Cir. 2003) ("obsolete information cannot form the basis for a trade secret claim because the information has no economic value").

### Failure to Take Reasonable Measures to Protect Its "Trade Secrets"

Discovery has shown that Loop failed to take reasonable measures to maintain the secrecy of its information – which is a threshold showing under the governing statutes. *See* 18 U.S.C. § 1839(3)(A); N.J.S.A. 56:15-2.  Specifically, discovery has shown that, far from the robust security measures alleged (under oath) in the Verified Complaint, Plaintiff has been extremely lax with respect to its security measures.  In fact, Plaintiff – purportedly a tech start-up whose mission is to store and appropriately handle the confidential information of its customers – has failed to employ even the

 COLE SCHOTZ P.C.

Hon. Jamel K. Semper, U.S.D.J.
July 15, 2026
Page 3

most basic security measures, such as deactivating the access rights of former employees. And discovery has established that many of Plaintiff's sworn statements in its Verified Complaint as to its security measures are demonstrably false. Plaintiff's trade secrets claims fail as a matter of law based on its inability to make this threshold showing.

## Breach of Contract – Count VI

Defendants are also entitled to dismissal of Count VI (breach of employment contract).

### Loop Has No Damages

Plaintiff's breach of contract claim fails because Church's non-compete expired one year after he resigned. During that one-year period, Defendants' product (which Defendants contend does not compete) was nothing more than a concept; Defendants had no customers and had not earned a single dollar from TCC's product. What's more – Loop's Compliance Product was never a finalized product with any customer base; to date, Loop has identified no more than a single proof-of-concept customer and has earned less than $100 from its Compliance Product. Nine months into discovery, Plaintiff has not identified (and cannot identify) any customer or potential customer that it purportedly lost to Defendants. Accordingly, Plaintiff has no damages to support these claims.

### The Non-Compete is Unenforceable

Aside from its lack of damages, Plaintiff cannot carry its burden of proving that the non-compete was reasonably necessary to protect its legitimate business interests. The restriction has no geographic limitations and does not define what lines of business "compete" with Loop. The only legitimate business interest for Loop to protect would be its existing or prospective customer relationships, and the evidence confirms that Defendants have not sought business from any of Loop's current or prospective customers through the expiration of the non-compete in September 2025. Further, the non-compete is unenforceable because, by failing to pay Church's salary for 18 pay periods at the time of his resignation, (i) Plaintiff materially breached the employment contract thereby excusing Church from his obligations under the agreement and/or (ii) there was no consideration to support the non-compete. *See Nolan by Nolan v. Lee Ho*, 120 N.J. 465, 472 (1990) ("When there is a breach of a material term of an agreement, the non-breaching party is relieved of its obligations under the agreement.").

## Computer Access Claims – Counts IV and X

Defendants are also entitled to dismissal of Counts IV (Violation of Computer Fraud and Abuse Act) and X (Violation of Computer System Act) because Plaintiff has not suffered any damage, loss, or other cognizable harm from Defendants' alleged access to its systems – a required element under the statutes.

\*\*\*

In the interest of complying with the Court's page limits, Defendants have necessarily narrowed their discussion herein. We respectfully request that the Court grant Defendants leave to file a partial summary judgment motion to more fully address these issues and request a conference with Your Honor to discuss the same. As always, we thank the Court for its time and attention to this matter.

69945/0001-53604265

 COLE SCHOTZ P.C.

Hon. Jamel K. Semper, U.S.D.J.
July 15, 2026
Page 4

Respectfully submitted,

COLE SCHOTZ P.C.

*/s/ Rachel A. Mongiello*

Rachel A. Mongiello

CC:    All Counsel of Record via ECF

69945/0001-53604265