MURPHY ORLANDO LLC
*Attorneys at Law*

494 BROAD STREET • 5TH FLOOR • NEWARK, NJ 07102
*tel* 201.451.5000 • *fax* 201.451.5000
WWW.MURPHYORLANDO.COM

drydarowski@murphyorlando.com

DEBRA R. RYDAROWSKI
*PARTNER*

July 27, 2026

***Via CM/ECF***
Hon. Cari Fais, U.S.M.J.
Martin Luther King Building & U.S. Courthouse
50 Walnut Street Room 4015
Newark, NJ 07101

Re: Loop HQ, Inc. v. Jeremiah Church and Tres Comma Compliance, Inc.
Docket No. 2:25-cv-12562-JKS-CF

Dear Judge Fais:

As the Court knows, this firm represents Plaintiff Loop HQ, Inc. ("Loop") in the above-referenced action.

On June 15, 2026, Defendants filed a dispute letter concerning alleged deficiencies in Plaintiff's discovery obligations. [Dkt. 70]. Per Your Honor's instructions, this letter was joint, meaning that Plaintiff provided its position with respect to each alleged deficiency cited by Defendants. [Id.] In this June 15 letter, Plaintiff indicated that it would be providing a dispute letter of its own concerning Defendants' discovery deficiencies that are ripe for Your Honor's adjudication. [Id. at p.16].

Plaintiff intended to provide Your Honor with this dispute letter on Friday, July 24, 2026, so that the deficiencies could be addressed at our scheduled July 29, 2026, conference and so that Your Honor had relevant information concerning the discovery challenges that remained in evaluating the dueling discovery schedules that were submitted on July 17, 2026. [Dkt. 76]. Unfortunately, counsel for Defendants has to date refused to provide Defendants' position on Plaintiff's proposed letter outlining Defendants' discovery deficiencies. Plaintiff believes Defendants' refusal to provide its input is an intentional abuse of Your Honor's requirement of joint letters. This is yet another example of Defendants' bad faith during discovery, which includes secretly recording calls between counsel in violation of the RPC's duty of candor provision and making changes to joint letters to the Court without providing Plaintiff an opportunity to review the changes or even informing Plaintiff that changes have been made.

Defendants should not be rewarded for this conduct by having their dispute letter considered by the Court at the July 29, 2026, conference. Instead, Plaintiff requests that Your Honor refrain from deciding any of the issues raised in Defendants' dispute letter and direct

Defendants to respond to Plaintiff's dispute letter so that it can be jointly filed and the Court can consider both letters together. Considering all disputes at the same time is not only more efficient, but it will also provide the Court with a better perspective on what is transpiring during discovery and the time that will be needed to set forth an appropriate discovery scheduling order.

Thank you for time and attention to this matter. We look forward to speaking with Your Honor on Wednesday, July 29, 2026.

Respectfully submitted,

Debra R. Rydarowski, Esq.

Cc: All counsel of record (*via ECF*)