**MURPHY ORLANDO LLC**
Jason F. Orlando, Esq. (#016482000)
Debra R. Rydarowski, Esq. (#004582007)
Amanda K. Baker, Esq. (#534262025)
494 Broad Street, 5th Floor
Newark, NJ 07102
(201) 451-5000
*Attorneys for Plaintiff, Loop HQ, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LOOP HQ, INC.,<br><br>Plaintiff,<br><br>v.<br><br>JEREMIAH CHURCH and TRES COMMA COMPLIANCE INC,<br><br>Defendants. | Civil Action No. 2:25-cv-12562-JKS-CF<br><br>**CERTIFICATION OF COUNSEL** |

I, Amanda K. Baker, Esq., of full age, do hereby certify as follows:

1. I am an attorney-at-law of the State of New Jersey, and an Associate with the firm of Murphy Orlando LLC, attorneys for Plaintiff, Loop HQ, Inc. ("Loop"). As such, I am familiar with the facts stated herein.

2. I make this Certification in support of Loop's Motion to Seal Materials, specifically the Letter to the Court which was filed on the Docket at Docket 82, which a joint submission by the parties setting forth Defendants' objections to Plaintiff's designations of certain documents as "Attorney's Eyes Only" ("AEO") under the Discovery Confidentiality Order ("DCO") that has been entered in this action at Docket 25. [Dkt. 82 ("AEO Letter")].

3. The AEO Letter and its exhibits contain competitively sensitive and confidential business information, specific customer information and also refers to third parties who placed

their confidence in Plaintiff. Included within the Letter are numerous mentions of Plaintiff's trade secrets and confidential information, including technical information, customer lists, pricing information, marketing techniques, investor information, business strategies and marketing techniques, among other highly confidential materials.

4. Courts have often found the above categories of discovery materials to be confidential and/or a trade secret.

5. Portions of the AEO Letter were redacted upon submission to the Court because Defendants included non-public links to Plaintiff's documents that contain the aforementioned highly confidential and sensitive business information that Defendants obtained only through the course of discovery. The links are discussed in the AEO Letter and go to such documents as letters to shareholders and investor decks and are links that were only ever shared by Plaintiff with customers, shareholders, and potential customers. An unredacted version of the AEO Letter was attached as Exhibit 1.

6. Exhibit 2 to the AEO Letter, as discussed in the AEO Letter at 4-5, contains correspondence between Plaintiff and a proof of concept customer, which includes technical information related to Plaintiff's most protected trade secret: how it separates business from personal contacts and how it organizes communications by contact rather than data source. It also contains technical questions that reveal how Loop's product is setup and functions from a proof of concept customer.

7. Exhibits 3 and 4 to the AEO Letter, as discussed in the AEO Letter at 5-6, are documents that show the technical breakdown of Plaintiff's system architecture and which discuss Plaintiff's security processes and procedures, system account management, system integration information, information and data communication, and other disclosures.

8. Exhibits 5-7 to the AEO Letter, as discussed in the AEO Letter at 6, contain marketing materials created by Plaintiff, which not only reveal how Plaintiff markets its product, but also show how Plaintiff's product works, what makes it unique among existing technologies, and other information curated specifically for shareholders and potential investors.

9. Plaintiff has a legitimate interest in protecting this information as public dissemination would cause irreparable harm to Plaintiff by revealing the very trade secrets, confidential information, and commercially sensitive business information that Plaintiff seeks to protect through this litigation and by giving an unfair competitive advantage to a direct competitor and any other competitor who might view the documents/materials. As such, the AEO Letter must remain under seal.

10. Plaintiff has a legitimate interest in protecting this information for the reasons stated supra.

11. Because the AEO Letter was filed in full with redactions made only to the highly confidential materials discussed supra and with only the Exhibits filed under seal, no less restrictive alternative to the relief sought is available.

12. There are no prior orders sealing the same materials in this action.

13. There are no known objections to this Motion. Plaintiff has conferred with counsel for Defendants regarding this Motion, and counsel for Defendants has confirmed that Defendants have no objections to the proposed sealing.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**MURPHY ORLANDO LLC**

*s/ Amanda K. Baker*
Amanda K. Baker, Esq.
*Attorneys for Plaintiff, Loop HQ, Inc.*

Dated: August 18, 2026