**MURPHY ORLANDO LLC**
Jason F. Orlando, Esq. (#016482000)
Debra R. Rydarowski, Esq. (#004582007)
Amanda K. Baker, Esq. (#534262025)
494 Broad Street, 5th Floor
Newark, NJ 07102
(201) 451-5000
*Attorneys for Plaintiff, Loop HQ, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LOOP HQ, INC.,<br>Plaintiff,<br>v.<br>JEREMIAH CHURCH and TRES COMMA COMPLIANCE INC,<br>Defendants. | Civil Action No. 2:25-cv-12562-JKS-CF<br><br>**[PROPOSED] ORDER GRANTING MOTION TO SEAL MATERIALS** |

**THIS MATTER** having been brought before the Court by Murphy Orlando LLC, attorneys for Plaintiff Loop HQ, Inc. ("Loop"), on notice to Cole Schotz P.C., attorneys for Defendants Jeremiah Church and Tres Comma Compliance Inc., for an Order sealing materials, specifically, portions of the Letter re: Attorneys' Eyes Only Designations to the Court which is filed on the Docket at Docket 82 and the exhibits thereto, the Court having considered the submissions and arguments of counsel, if any; and for the reasons set forth by the Court; and for good cause shown:

**IT IS HEREBY ORDERED** as follows:

1. The Letter to the Court which is filed on the Docket at Docket 82 (Letter re AEO designations), contains hyperlinks in Defendants' position that were found in Plaintiff's document production that go to Plaintiff's documents that contain highly confidential and sensitive business

information. The redacted information is protectable and should remain redacted to protect Plaintiff's business interests, which may be harmed by the disclosure of this information.

2. Exhibit 2 to the Letter contains technical information related to Plaintiff's most protected trade secret: how it separates business from personal contacts and how it organizes communications by contact rather than data source as well as technical information revealing how Plaintiff's product is set up and how it functions. It also contains communications with a third party who may be harmed by its disclosure.

3. Exhibits 3 and 4 consist of documents that show the technical breakdown of Plaintiff's system architecture, security processes and procedures, system account management, system integration information, and information and data communication amongst other disclosures.

4. Exhibits 5, 6, and 7 contain marketing materials created by Plaintiff, which reveal how Plaintiff markets its product, shows how the product works, and establishes the uniqueness of Plaintiff's product, along with other information created for shareholders and potential investors.

5. The Court further finds that Plaintiff has a legitimate interest in protecting the information referred to in its Motion to Seal, as public dissemination would cause irreparable harm.

6. The Court further finds that the Letter has been redacted to seal only that information that had been designated Attorneys' Eyes Only or Confidential such that no less restrictive alternative exists, there are no prior orders sealing the same materials in this action, and there are no known objections to the relief sought in this Motion.

Therefore, Loop's Motion to Seal the Letter is **GRANTED**, and the Letter is hereby **SEALED**.

**SO ORDERED** this ___ day of ____________________, 2026.

________________________________________
Honorable Cari Fais, U.S.M.J.