Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, NJ 07602-0800
201.489.3000 201.489.1536 fax

COLE SCHOTZ P.C.

New York
Delaware
Maryland
Texas
Florida
Washington, DC

Rachel A. Mongiello
Member
Admitted in NJ and NY

Reply to New Jersey Office
Writer's Direct Line: 201.525.6222
Writer's Direct Fax: 201.678.6222
Writer's E-Mail: rmongiello@coleschotz.com

September 30, 2026

**Via ECF**
Hon. Cari Fais, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street Room 4015
Newark, New Jersey 07101

Re: *Loop HQ, Inc. v. Church et al.*, Civil Action No. 2:25-cv-12562-JKS-CF

Dear Judge Fais:

The parties respectfully submit this joint status letter in accordance with the Court's September 4, 2026 Text Order [Dkt. 89], which directed the parties to resume monthly status letters on September 30, 2026.

**Plaintiff's Position:**

The parties attended an in-person status conference with Your Honor on September 2, 2026. As a result, the Court resolved many disputes and entered a text Order on September 8, 2026. Following are those actions ordered together with the status of same:

- The parties shall submit a proposed supplemental ESI protocol or a dispute letter containing competing proposed ESI protocols by 10/02/2026:
  - Plaintiff is in the process of retaining an expert to analyze Defendants' code and respectfully requests additional time to retain the expert to provide meaningful feedback by the actual expert on the proposed protocol. Due to the holiday of Sukkot and the related client and forensic imaging vendor unavailability this entire week, these efforts have been paused but will resume more meaningfully next week.
- Plaintiff shall provide amended interrogatory responses by 9/16/2026:
  - Plaintiff provided its Third Amended Answers to Interrogatories on September 16, 2026. Defendants served a deficiency letter on September 21, 2026 that contains arguments and supplemental interrogatories rather than deficiencies. Defendants have requested in their position a deadline to file a dispute letter. This request is premature as the letter was only just served.

- Defendants shall produce the redacted copies of the communications with customers, investors, and referral sources, as well as any other discovery that supports Defendants' contention that the discovery Plaintiff wishes to pursue from third parties can be obtained from Defendant:
    - Defendants have not yet made this production and have represented they will not until maybe some time in November. Plaintiff respectfully requests a deadline, as this was ordered September 2, 2026, and this delay threatens Plaintiff's ability to enforce their rights to third party discovery by subpoenaing third parties who may not have document retention policies in place.
- On 9/16/2026, Plaintiff shall provide Defendants with a draft supplemental dispute letter regarding the AEO designations:
    - Plaintiff modified designations based upon the Court's guidance at the last conference such that this letter was not necessary.

Additionally, the parties met and conferred for nearly two hours on September 17, 2026, to discuss (1) alleged deficiencies for twenty-one of Plaintiff's written responses to Defendants' Supplemental Requests for Documents, and (2) about fifty general discovery follow-up questions from Defendants served via email that counsel has been engaging in back and forth over time with answers and follow-up questions. Plaintiff's counsel represented that they would confer with their client and get back to defense counsel on the remaining issues from the meet and confer. The parties ran out of time to discuss a few remaining items and plan to meet and confer this week on the remaining items. Defense counsel then served a dispute letter on September 25 on the issues discussed in the September 17 meet and confer. Service of the dispute letter was prior to Plaintiff's counsel having the opportunity to respond, prior to the two-to-three-week period defense counsel requested Plaintiff respond within, and while Plaintiff is unavailable due to the Jewish holiday. Defendants now seek court intervention to require a date for the filing of this dispute letter. This request is premature, as was service of the dispute letter itself.

Defendants also seek Court intervention requiring Plaintiff's counsel review and confirm defense counsel's notes on the meet and confer. There is no discovery dispute at issue requiring Court intervention. Plaintiff has confirmed repeatedly that it will do as stated in the meet and confer. There is no consequent delay. Plaintiff's counsel did in fact inform defense counsel that she was in the process of reviewing the notes before defense counsel provided their status stating that Plaintiff refused to do so. This, however, is neither here nor there, as the underlying dispute being presented in this letter is the parties' disagreement whether Plaintiff's counsel is required to review and confirm defense counsel's notes. Plaintiff's counsel has no such requirement. The purpose of the meet and confer is to discuss disputes to see if the parties can resolve them. How counsel takes notes and keeps track of their own action items is their own province. Defendants' status undercuts the purpose of the meet and confer by implying a party has no obligation post meet and confer until it's all in writing. This is not true, as the parties have already participated and come to certain agreements out of cooperation to move discovery forward. Counsel is in no way obligated to expend additional resources reviewing their adversary's subjectively written work product and then comparing it with their own, which is often pages long and has to be compared with any other attorney's notes who attended the meet and confer. While some adversaries may find it useful to quickly draft an email confirming

agreement, that is not the case for a meet and confer that may be hours long and covering many subjects. It is within Plaintiff's discretion whether to participate in such email exchanges with defense counsel post meet and confer. Revisiting multiple items via email that have already been thoughtfully discussed puts the meet and confer at risk. It also causes delay. Plaintiff respectfully requests the Court refrain from intervening in counsels' email exchanges and confirms, as it did repeatedly to defense counsel, that Plaintiff will proceed as stated in the meet and confer.

Defendants seek to use the Court to actively manage discovery, setting deadlines before disputes are even ripe and requiring intervention when discovery is actively progressing well within the discovery period. Plaintiff objects to these requests and as always will continue to participate in discovery efficiently and in good faith. Plaintiff also notes that it will be serving supplemental document requests to specifically target documents that fall within previous requests that have not yet been produced by Defendants, including communications with contractors and documents evidencing the downloading, transferring and storing of Loop information.

**Defendants' Position:**

Defendants provide the following update on the status of discovery:

**1. Meet and Confer.** The parties met and conferred for nearly two hours on September 17, 2026. The following day, Defendants sent Plaintiff an email summarizing the topics discussed and the parties' respective positions, and asked Plaintiff to confirm whether the summary accurately reflected its understanding. To date, despite repeated requests, Plaintiff has refused or otherwise failed to confirm whether the summary reflects its understanding on numerous issues – which has hindered Defendants' ability to progress discovery and ensure that the parties share a common understanding of the agreements reached during the meet and confer. Plaintiff's continued failure over the course of two weeks to address the email confirmation while noting in this very letter the potential for disputes concerning what may or may not have been agreed to on September 17 is troubling.

**2. Joint Discovery Dispute Letter.** On September 25, 2026, Defendants shared with Plaintiff a draft of a joint discovery dispute letter addressing several long-outstanding issues on which the parties have been unable to reach agreement despite months of meet and confers (even prior to the September 17, 2026 meet and confer), including issues relating to financial discovery, access logs, preservation, and production of Plaintiff's source code, among others. Plaintiff apparently believes that, by failing to respond as to its position on these issues or as to a timeline for compliance, it can avoid a motion to compel; not so. Defendants respectfully request that the Court set a date certain for the filing of that joint letter so that the disputes may be presented for resolution. Defendants have repeatedly asked Plaintiff to select a reasonable date for its response, but Plaintiff has declined to propose any, preferring instead to delay court resolution on disputed issues.

**3. Interrogatory Deficiency Notice.** On September 21, 2026, Defendants served Plaintiff with a detailed deficiency notice concerning Plaintiff's most recent (Third Amended) responses to Defendants' interrogatories. Defendants have received no response from Plaintiff. In light of Plaintiff's continued failure – after three rounds of amendments – to resolve the issues identified by

Defendants, Defendants respectfully request a deadline to submit any disputes arising from those deficiencies to the Court.

**4. AEO Designation Dispute.** Plaintiff has de-designated the remaining six documents that were the subject of the parties' August 4, 2026 joint letter concerning AEO designations under the Discovery Confidentiality Order [Dkt. 82]. This issue is therefore not a live dispute at this time.

**5. Redacted Communications with Customers, Investors, and Referral Sources.** In accordance with the Court's September 4, 2026 text order [Dkt. 89], Defendants are in the process of identifying and redacting these documents for production. Defendants anticipate completing the production by early November and will update the Court on their progress at the October Case Management Conference.

**6. Source Code Review Protocol.** Defendants sent Plaintiff a proposed source code review protocol more than two months ago on July 22, 2026. To date, Plaintiff has not provided any response to the proposed protocol. Plaintiff now claims it needs additional time beyond the Court's October 2, 2026 deadline for the submission of the protocol or dispute letters concerning the protocol [Dkt. 89]. While Defendants do not oppose the request (as they have no practical alternative), the need for an extension is entirely of Plaintiff's own making and is consistent with the broader pattern of unexplained discovery delays that have characterized this litigation.

**7. Document Production.** Plaintiff's document production progress to date also remains disappointing at best. Aside from the Zip File (which originated from Defendants' counsel and was merely reproduced by Plaintiff), Plaintiff has produced a total of 414 documents from its own systems. Given the volume of the outstanding production, Defendants are concerned about the continued delay in light of the existing case management schedule.

***

As always, the parties thank the Court for its time and attention to this matter.

Respectfully submitted,

COLE SCHOTZ P.C.

*/s/ Rachel A. Mongiello*

Rachel A. Mongiello

CC: All Counsel of Record via ECF