Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, NJ 07602-0800
201.489.3000 201.489.1536 fax
—
New York
—
Delaware
—
Maryland
—
Texas
—
Florida
—
Washington, DC

COLE SCHOTZ P.C.

Rachel A. Mongiello
Member
Admitted in NJ and NY

Reply to New Jersey Office
Writer's Direct Line: 201.525.6222
Writer's Direct Fax: 201.678.6222
Writer's E-Mail: rmongiello@coleschotz.com

November 10, 2026

**Via ECF**
Hon. Cari Fais, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street Room 4015
Newark, New Jersey 07101

Re: *Loop HQ, Inc. v. Church et al.*, Civil Action No. 2:25-cv-12562-JKS-CF

Dear Judge Fais:

As you are aware, this firm represents Defendants Jeremiah Church and Tres Comma Compliance, Inc. ("TCC," and together with Mr. Church, "Defendants") in the above-referenced action. Pursuant to the Court's September 4, 2026 Text Order (Dkt. 89), Defendants are preparing redacted copies of TCC's communications with its customers, investors, and referral sources, which Defendants previously advised the Court they anticipated producing by November 10, 2026. For the reasons set forth below, Defendants respectfully request a brief extension of three weeks, through and including December 1, 2026, to complete that production, and further request that, before the production is made, the Court enter a limited protective order governing third-party discovery directed to the entities whose identities are redacted.

As to the need for additional time, the extension is warranted by the scope and technical complexity of the exercise. The production consists of more than 5,000 documents, many of them lengthy email threads with attachments, and the redactions number in the hundreds of thousands. Customer and prospect identities appear not only in names and email addresses, but also in signature blocks, phone numbers, addresses, links, footers, and attachments, and the same counterparty often appears across many separate threads. Defendants are conducting a quality-control review to locate and redact any missed identifiers, and to confirm that the redactions are applied consistently across the production and are limited to what the Court's Order contemplates, so that Plaintiff receives documents that are as complete and readable as possible.

As to the need for a protective order in advance of the production, Defendants' review has revealed that even careful redactions may not fully conceal the identities of TCC's counterparties. Electronic communications contain contextual details – the counterparty's business, location, the products it uses, the people involved, and references that recur across threads – that, considered together with publicly available information and increasingly sophisticated analytical tools, including artificial intelligence, may allow a reader to deduce who a redacted party is. Moreover,

notwithstanding Defendants' quality-control efforts, in a production of this size it is possible that some identifiers intended to be redacted will have been inadvertently missed as a result of human error. As Mr. Church attested in his previously submitted declaration, TCC sells compliance archiving to SEC- and FINRA-regulated firms that evaluate whether a vendor will draw them into litigation, and a prospect or customer that receives a subpoena merely for having communicated with TCC will simply walk away, causing harm that is immediate, unquantifiable, and irreversible. (Dkt. 86, Ex. B ¶¶ 3–7, 9). The Court's redaction procedure was designed to permit Plaintiff to obtain the substance of these communications from Defendants while protecting those relationships, and it reserved the question of the scope of additional discovery on this issue until after Plaintiff has reviewed the production. (Dkt. 89). Consistent with the spirit of that Order, Defendants respectfully request that, pursuant to Federal Rule of Civil Procedure 26(c), the Court order that Plaintiff may not subpoena or otherwise contact for purposes of this litigation any customer, potential customer, investor, potential investor, or referral source whose identity is redacted from the production, or was intended to be redacted but was inadvertently left unredacted – regardless of whether Plaintiff is able to identify that entity notwithstanding the redactions – absent further leave of Court on notice to Defendants. This limited relief does not foreclose any discovery; it simply preserves the status quo so that the Court can weigh any request for third-party discovery before the harm occurs, rather than after a subpoena has already been served.

Defendants conferred with Plaintiff regarding both requests on November 9, 2026. Plaintiff consented to the three-week extension of the production deadline but declined to agree to any restriction on subpoenas directed to the third parties at issue, despite representing that it has no present intention to subpoena anyone based on the production. Given the sensitivity of those third parties' identities, and because the harm Defendants seek to prevent would occur upon service of a subpoena, Defendants respectfully request that the Court resolve the limited protective order request before the production is made. Defendants will produce the redacted communications by the later of December 1, 2026 or three business days after the Court rules on that request. Defendants are prepared to submit a proposed form of order or supplemental briefing should the Court find it helpful.[1]

We thank the Court for its time and attention to this matter.

---

[1] At Plaintiff's request, Defendants provided Plaintiff with a substantially similar draft of this letter at approximately 5:00 p.m. on November 9, 2026. Defendants followed up the next morning to ask whether Plaintiff intended to respond or to make this a joint submission, but received no response. Only after Defendants advised, shortly before 1:00 p.m., that they would file did Plaintiff's counsel reply that she was in a deposition and would respond once it concluded. Plaintiff did not indicate what that response would entail – whether inserts to a joint letter, a separate submission, or something else – and did not answer when Defendants asked for clarification. Defendants nonetheless agreed to hold the letter until 3:00 p.m. Plaintiff did not respond. Given that the deadline for the production is today (*see* Dkt. 92), Defendants have proceeded to file this letter, recognizing that Plaintiff may wish to address these issues further. Consistent with the strong preference for joint letters that both parties have previously acknowledged, Defendants anticipate that the parties will work together on a joint submission should Plaintiff wish to supplement its position.

Respectfully submitted,

COLE SCHOTZ P.C.

*/s/ Rachel A. Mongiello*

Rachel A. Mongiello

CC: All Counsel of Record via ECF