MURPHY ORLANDO LLC
*Attorneys at Law*

494 BROAD STREET • 5TH FLOOR • NEWARK, NJ 07102
*tel* 201.451.5000 • *fax* 201.451.5000
WWW.MURPHYORLANDO.COM

drydarowski@murphyorlando.com

DEBRA R. RYDAROWSKI
*PARTNER*

November 10, 2026

***Via CM/ECF***
Hon. Cari Fais, U.S.M.J.
Martin Luther King Building & U.S. Courthouse
50 Walnut Street Room 4015
Newark, NJ 07101

Re: Loop HQ, Inc. v. Jeremiah Church and Tres Comma Compliance, Inc.
Docket No. 2:25-cv-12562-JKS-CF

Dear Judge Fais:

As you know, this firm represents Plaintiff Loop HQ, Inc. ("Loop") in the above-referenced action. This letter is in response to Defendants' letter to Your Honor filed on the Docket today (Dkt. 93) related to the Court's September 4, 2026 Text Order ("Defendants shall produce the redacted copies of the communications with customers, investors, and referral sources, as well as any other discovery that supports Defendants' contention that the discovery Plaintiff wishes to pursue from third parties can be obtained from Defendant.") (Dkt. 89).

Defendants accurately recount that Plaintiff consented to the three-week extension of the production deadline despite the resultant detriment to Plaintiff. As Your Honor is aware, Plaintiff first served a request for these documents a year ago, and Your Honor entered the Text Order more than two months ago setting today as the deadline for Defendants' production. Defendants' delay causes potential prejudice to Plaintiff in serving subpoenas on Defendants' customers as these third parties may have limited or no document preservation protocols in place. Accordingly, Plaintiff consents to extending Defendants' production to December 1, 2026, but does not consent to Defendants' proposal to produce by "the later of December 1, 2026, or seven days after the Court rules."

Plaintiff also declined Defendants' request to enter a consent order prohibiting Plaintiff from serving third-party subpoenas. If the Court is inclined to enter a protective order, Plaintiff requests that Defendants seek such relief by way of motion, with Plaintiff having the opportunity to be heard in opposition, as contemplated by Fed. R. Civ. P. 26(c). Moreover, the relief Defendants seek is not warranted by the express language of the Rule, which allows only "A party or person from whom discovery is sought" to move for a protective order. Id. Defendants have not, nor will they be if a subpoena is served, a "party from whom discovery is sought." Thus,

Defendants' request for a protective order by way of a unilaterally filed letter is procedurally and substantively flawed.

The proposed order is also ambiguous and impractical. As framed by Defendants, it would bar Loop not only from subpoenaing, but from "otherwise contact[ing]", entities whose identities are hidden from Loop regardless of whether Loop identifies them independently. Loop and TCC sell to the same population of regulated firms, such that the order could put Loop's own customers, prospects and investors off limits without Loop's knowledge. The harm Defendants describe is also hard to reconcile with the record. Mr. Church declared that TCC had no customers and no revenue (Dkt. 16 ¶ 41). Defendants have not supplemented their discovery responses on TCC's customers, investors or revenue since, yet now describe more than 5,000 communications with customers, investors and referral sources. Defendants also seek to prevent a theoretical action by Loop that they themselves took at the outset of this case. Defendants served more than twenty subpoenas on Loop's prospective customers, investors and business partners, and refused to include the Discovery Confidentiality Order until the Court required it. (Dkt. 32, 34).

Loop therefore respectfully requests that the Court (1) order Defendants' production no later than December 1, 2026; and (2) deny Defendants' request for a protective order or require Defendants to seek such relief by way of motion consistent with Fed. R. Civ. P. 26(c).

We thank the Court for Your attention and courtesy.

Respectfully submitted,

Debra R. Rydarowski, Esq.

cc: All counsel of record via ECF